Filed
D.C. Superior Court
05/08/2017 16:19PM
Clerk of the Court

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| VERIZON WASHINGTON, D.C. INC.<br>1710 H Street, N.W.-11th Floor<br>Washington, D.C. 20006<br><br>    Plaintiff,<br><br>v.<br><br>EMCOR GOVERNMENT SERVICES, INC.<br>2800 Crystal Drive, Suite 600<br>Arlington, VA 22202<br><br>SERVE:  CORPORATION SERVICE<br>          COMPANY<br>          Resident Agent for EMCOR<br>          Government Services, Inc.<br>          1090 Vermont Avenue N.W.<br>          Washington, D.C. 20005<br><br>and<br><br>M & M WELDING & FABRICATORS, INC<br>8100 Cessna Avenue<br>Gaithersburg, MD 20879<br><br>SERVE:  SUPERINTENDANT OF<br>          CORPORATIONS<br>          Dept. of Consumer and Regulatory<br>          Affairs<br>          Business and Professional Licensing<br>          Corporate Division<br>          1100 4th Street, SW<br>          4th Floor<br>          Washington, DC 20024<br><br>    Defendants. | Case No.: 2017 CA 003168 B |

## COMPLAINT

**EXHIBIT A**

COMES NOW the Plaintiff, Verizon Washington, D.C., Inc., by and through counsel, Anderson & Quinn, LLC and Alice Kelley Scanlon, and files a Complaint against Defendant EMCOR Government Services, Inc., and as grounds therefore states:

1. Plaintiff Verizon Washington, D.C., Inc. maintains offices and conducts business in Washington, D.C.

2. Defendant EMCOR Government Services, Inc. maintains offices in Virginia and conducts business in Washington, D.C.

3. Defendant M & M Welding Fabricators, Inc. (hereinafter "M&M") maintains offices and Maryland and conducts business in Washington, D.C., however, M & M is not properly licensed and registered to do business in the District of Columbia.

4. At all times relevant herein, the Government Services Administration (hereinafter "GSA") owned a steam distribution system that consists of steam pipes, steam tunnels, and associated equipment used to transport steam throughout Washington, D.C.

5. At all times relevant herein, Plaintiff Verizon Washington, D.C., Inc., had and lawfully maintained as part of its service distribution system certain underground communications facilities and equipment, including conduits, duct banks, telephone cables and special circuits lawfully placed underground at or near the intersection of 3rd and D Street NW and Indiana Avenue NW, in Washington, D.C.

6. On or about May 13, 2014, steam and/or vapor from and/or off steam pipes and/or other steam equipment owned by the GSA and controlled, maintained and operated by Defendants EMCOR Government Services, Inc., and/or M & M, on behalf of the GSA, caused damage to Verizon Washington, D.C., Inc.'s underground facilities and equipment at the aforementioned location. This steam and/or vapor damaged telephone cables, special circuits and

the conduits and duct bank that housed such cables. The damage also left Plaintiff Verizon Washington, D.C., Inc. with no viable path between manholes, and rendered the conduits and/or, duct banks inaccessible and unusable.

7. The damages sustained by Verizon Washington DC Inc are of the nature, extent and type that do not ordinarily occur with negligence.

## COUNT I
### (Negligence - EMCOR)

8. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (1) through seven (7) of this Complaint as if fully set forth herein.

9. At all times relevant herein, Defendant EMCOR Government Services, Inc., and its agents, servants and/or employees owed a duty to inspect, maintain, and repair the steam pipes and other steam equipment with reasonable care to prevent the pipes and/or equipment from damaging the underground facilities of Verizon Washington, D.C., Inc.

10. Defendant EMCOR Government Services, Inc., and its agents, servants and/or employees breached its duties by failing to inspect, maintain, and repair the steam pipes in a reasonable, safe, and prudent manner. This negligence consisted of, among other things, failure to exercise due care to prevent steam leaks, failure to exercise due care to prevent its pipes and/or equipment from causing secondary steam and/or vapor, failure to properly notify Verizon Washington, D.C., Inc. of the potential of harm, and failure to properly instruct and supervise agents, servants and/or employees in filling its duties and obligations of inspection, maintenance and repair as set forth herein.

11 As a direct and proximate result of the negligence of Defendant EMCOR Government Services, Inc., and its agents, servants and/or employees, Verizon Washington, D.C., Inc.'s underground facilities/equipment was damaged by primary and/or secondary steam and/or vapor

from the steam pipes and/or equipment that were controlled and maintained by Defendant EMCOR Government Services, Inc.

12. By reason of the damage caused by Defendant EMCOR Government Services, Inc., and its agents, servants and/or employees to Verizon Washington, D.C., Inc.'s underground communications equipment, Verizon Washington, D.C., Inc. was required to expend $385,260.73 for repair and/or replacement of same and suffered other damages and expenses, all of which were caused by the aforementioned negligence, without any negligence on the part of Verizon Washington, D.C., Inc. contributing thereto.

**WHEREFORE**, the foregoing considered, Plaintiff Verizon Washington, D.C., Inc. demands judgment against Defendant EMCOR Government Services, Inc. in the amount of $385,260.73 plus interest, costs and any other relief this Court deems just.

### COUNT II
### (Negligence – M & M)

13. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (1) through twelve (12) of this Complaint as if fully set forth herein.

14. At all times relevant herein, Defendant M & M and its agents, servants and/or employees owed a duty to inspect, maintain, and repair the steam pipes and other steam equipment with reasonable care to prevent the pipes and/or equipment from damaging the underground facilities of Verizon Washington, D.C., Inc.

15. Defendant M & M, and its agents, servants and/or employees breached its duties by failing to inspect, maintain, and repair the steam pipes in a reasonable, safe, and prudent manner. This negligence consisted of, among other things, failure to exercise due care to prevent steam leaks, failure to exercise due care to prevent its pipes and/or equipment from causing secondary steam and/or vapor, failure to properly notify Verizon Washington, D.C., Inc. of the potential of

harm, and failure to properly instruct and supervise agents, servants and/or employees in filling its duties and obligations of inspection, maintenance and repair as set forth herein.

16. As a direct and proximate result of the negligence of Defendant M & M, and its agents, servants and/or employees, Verizon Washington, D.C., Inc.'s underground facilities/equipment was damaged by primary and/or secondary steam and/or vapor from the steam pipes and/or equipment that were controlled and maintained by Defendant M & M.

17. By reason of the damage caused by Defendant M & M and its agents, servants and/or employees to Verizon Washington, D.C., Inc.'s underground communications equipment, Verizon Washington, D.C., Inc. was required to expend $385,260.73 for repair and/or replacement of same and suffered other damages and expenses, all of which were caused by the aforementioned negligence, without any negligence on the part of Verizon Washington, D.C., Inc. contributing thereto.

**WHEREFORE**, the foregoing considered, Plaintiff Verizon Washington, D.C., Inc. demands judgment against Defendant M & M in the amount of $385,260.73 plus interest, costs and any other relief this Court deems just.

## COUNT III
### (Trespass/Interference with Easement - EMCOR)

18. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (1) through seventeen (17) of this Complaint as if fully set forth herein and further alleges that Defendant EMCOR Government Services, Inc., and its agents, servants and employees committed a trespass upon Verizon Washington, D.C. Inc.'s lawfully placed underground communications equipment.

19. Plaintiff Verizon Washington, D.C., Inc. is a public service company engaged in, among other things, the supply and distribution of communications service for the use of the general public throughout the District of Columbia.

20. Pursuant to Verizon Washington, D.C., Inc.'s lawful permits, franchise rights, rights of way and easements, it had and maintained at all times relevant herein as part of its communications distribution system certain underground facilities lawfully placed at or near the intersection of 3rd Street and D Street NW and Indiana Avenue, NW in Washington, D.C.

21. Defendant EMCOR Government Services, Inc., and its agents, servants and/or employees trespassed on Verizon Washington, D.C., Inc.'s permit rights, franchise rights, rights of way or easements, its use thereof, and the use of its underground communications equipment therein, by allowing steam and/or vapor from and/or off the pipes and/or other equipment it controlled and maintained to enter Verizon's easement and damage the property within.

22. This trespass impaired the integrity of Verizon Washington, D.C., Inc.'s permit rights, franchise rights, rights of way or easement by damaging the underground communications equipment therein by extreme heat caused by steam and/or vapor from or off of the steam pipes controlled and maintained by Defendant EMCOR Government Services, Inc.

23. As a direct and proximate result of this trespass and by reason of the damages caused by Defendant EMCOR Government Services, Inc., and its agents, servants and/or employees to Verizon Washington, D.C., Inc.'s underground communications equipment, Verizon Washington, D.C., Inc. was required to expend $385,260.73 for repair and/or replacement of same and suffered other damages and expenses, all of which were caused by the aforementioned trespass without the authority or permission of Verizon Washington, D.C., Inc.

WHEREFORE, the foregoing considered, Plaintiff Verizon Washington, D.C., Inc. demands judgment against Defendant EMCOR Government Services, Inc. in the amount of $385,260.73 plus interest, costs and any other relief this Court deems just.

## COUNT IV
### (Trespass/Interference with Easement – M & M)

24. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (1) through twenty-three (23) of this Complaint as if fully set forth herein and further alleges that Defendant M & M and its agents, servants and employees committed a trespass upon Verizon Washington, D.C. Inc.'s lawfully placed underground communications equipment.

25. Plaintiff Verizon Washington, D.C., Inc. is a public service company engaged in, among other things, the supply and distribution of communications service for the use of the general public throughout the District of Columbia.

26. Pursuant to Verizon Washington, D.C., Inc.'s lawful permits, franchise rights, rights of way and easements, it had and maintained at all times relevant herein as part of its communications distribution system certain underground facilities lawfully placed at or near the intersection of 3rd Street and D Street NW and Indiana Avenue, NW in Washington, D.C.

27. Defendant M & M and its agents, servants and/or employees trespassed on Verizon Washington, D.C., Inc.'s permit rights, franchise rights, rights of way or easements, its use thereof, and the use of its underground communications equipment therein, by allowing steam and/or vapor from and/or off the pipes and/or other equipment it controlled and maintained to enter Verizon's easement and damage the property within.

28. This trespass impaired the integrity of Verizon Washington, D.C., Inc.'s permit rights, franchise rights, rights of way or easement by damaging the underground communications

equipment therein by extreme heat caused by steam and/or vapor from or off of the steam pipes controlled and maintained by Defendant M & M.

29. As a direct and proximate result of this trespass and by reason of the damages caused by Defendant M & M, and its agents, servants and/or employees to Verizon Washington, D.C., Inc.'s underground communications equipment, Verizon Washington, D.C., Inc. was required to expend $385,260.73 for repair and/or replacement of same and suffered other damages and expenses, all of which were caused by the aforementioned trespass without the authority or permission of Verizon Washington, D.C., Inc.

**WHEREFORE**, the foregoing considered, Plaintiff Verizon Washington, D.C., Inc. demands judgment against Defendant M & M in the amount of $385,260.73 plus interest, costs and any other relief this Court deems just.

## COUNT V
### (Nuisance - EMCOR)

30. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (1) through twenty-nine (29) of this Complaint as if fully set forth herein and alleges that Defendant EMCOR Government Services, Inc., and its agents, servants and/or employees created a nuisance which damaged and interfered with the use of Verizon Washington, D.C., Inc.'s lawfully placed underground facilities at or near the intersection of 3rd Street and D Street NW and Indiana Avenue NW in Washington, D.C.

31. Upon information and belief and at all times relevant herein, Defendant EMCOR Government Services, Inc., and its agents, servants and/or employees maintained steam pipes and other equipment in close proximity to Verizon Washington, D.C., Inc.'s underground communications equipment. Defendant EMCOR Government Services, Inc. failed to inspect,

maintain, and/or repair the steam pipes and/or equipment it controlled and maintained, which caused severe damage to Verizon Washington, DC Inc.'s underground facilities.

32. As a result of Defendant's conduct, Plaintiff's underground communications equipment was damaged by extreme heat caused by steam and/or vapor from and/or off Defendant's steam pipes and/or equipment, resulting in a substantial and unreasonable interference with the use of those communications facilities by both Verizon Washington, D.C., Inc. and the general public.

33. The conduct of Defendant EMCOR Government Services, Inc., and its agents, servants and/or employees was unreasonable and constituted a nuisance because the Defendant failed to inspect, maintain, and/or repair the steam pipes and or equipment it controlled and maintained, which were in close proximity to Verizon Washington, D.C., Inc.'s underground facilities, so as to prevent leaks and/or secondary steam and/or vapor from damaging Verizon's underground facilities.

34. As a direct and proximate result of this nuisance and by reason of the damages caused by Defendant EMCOR Government Services, Inc., and its agents, servants and/or employees to Verizon Washington, D.C., Inc.'s underground communications equipment, Verizon Washington, D.C., Inc. was required to expend $385,260.73 for repair and/or replacement of same and suffered other damages and expenses.

**WHEREFORE**, the foregoing considered, Plaintiff Verizon Washington, D.C., Inc. demands judgment against Defendant EMCOR Government Services, Inc. in the amount of $385,260.73 plus interest, costs and any other relief this Court deems just.

## COUNT VI
### (Nuisance – M & M)

35. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (1) through thirty-four (34) of this Complaint as if fully set forth herein and alleges that Defendant M & M and its agents, servants and/or employees created a nuisance which damaged and interfered with the use of Verizon Washington, D.C., Inc.'s lawfully placed underground facilities at or near the intersection of 3rd Street and D Street NW and Indiana Avenue NW in Washington, D.C.

36. Upon information and belief and at all times relevant herein, Defendant M & M and its agents, servants and/or employees maintained steam pipes and other equipment in close proximity to Verizon Washington, D.C., Inc.'s underground communications equipment. Defendant M & M failed to inspect, maintain, and/or repair the steam pipes and/or equipment it controlled and maintained, which caused severe damage to Verizon Washington DC Inc.'s underground facilities.

37. As a result of Defendant's conduct, Plaintiff's underground communications equipment was damaged by extreme heat caused by steam and/or vapor from and/or off Defendant's steam pipes and/or equipment, resulting in a substantial and unreasonable interference with the use of those communications facilities by both Verizon Washington, D.C., Inc. and the general public.

38. The conduct of Defendant M & M and its agents, servants and/or employees was unreasonable and constituted a nuisance because the Defendant failed to inspect, maintain, and/or repair the steam pipes and or equipment it controlled and maintained, which were in close proximity to Verizon Washington, D.C., Inc.'s underground facilities, so as to prevent leaks and/or secondary steam and/or vapor from damaging Verizon's underground facilities.

39. As a direct and proximate result of this nuisance and by reason of the damages caused by Defendant M & M, and its agents, servants and/or employees to Verizon Washington, D.C., Inc.'s underground communications equipment, Verizon Washington, D.C., Inc. was required to expend $385,260.73 for repair and/or replacement of same and suffered other damages and expenses.

**WHEREFORE**, the foregoing considered, Plaintiff Verizon Washington, D.C., Inc. demands judgment against Defendant M & M in the amount of $385,260.73 plus interest, costs and any other relief this Court deems just.

Respectfully Submitted,

ANDERSON & QUINN, LLC

/s/ Alice Kelley Scanlon

Alice Kelley Scanlon
Adams Law Center
25 Wood Lane
Rockville, Maryland 20850
(301) 762-3303
*Attorneys for Plaintiff*